FILED
United States Court of Appeals
Tenth Circuit

April 11, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LG KENDRICK, LLC,

      Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent - Appellee.

_____

No. 16-9003
(No. 900-14L)
(United States Tax Court)

LG KENDRICK, LLC,

      Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent - Appellee.

No. 16-9004
(No. 10241-12L)
(United States Tax Court)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In these consolidated appeals, LG Kendrick, LLC ("LGK"), petitions for review of two Tax Court judgments affirming notices of determination by the Internal Revenue Service's Office of Appeals. Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), we affirm.

## I.

LGK is a single-member limited-liability company that operates a franchise business known as The UPS Store in Gallup, New Mexico. LKG's manager and sole member is Michael Lunnon.

## A.

The Internal Revenue Service ("IRS") determined that LGK had unpaid federal taxes, specifically, quarterly employment taxes owed for the second quarter of 2009 through the fourth quarter of 2012, and annual unemployment taxes owed for 2009 through 2011. The IRS sent LGK letters indicating that it had prepared tax returns for and intended to assess unpaid taxes against LGK. The letters gave LGK 30 days to respond, listing several options including, "Mail us any additional information you would like us to consider" and "Request a conference." Stipulation of Facts, Tax Court Case No. 10241-12 ("SOF 10241-12"), Doc. 35, Ex. 2-J at 104; Stipulation of Facts, Tax Court Case No. 900-14 ("SOF 900-14"), Doc. 11, Ex. 1-J at 89.

LGK did not reply to one of the letters; in response to the other it requested the basis for the IRS's belief that LGK was liable for employment and unemployment taxes; the names and addresses of the employees; facts, arguments and legal authority

2

to support the IRS's position; and affidavits in support of alleged facts. The IRS found that LGK's response was noncompliant. It assessed the taxes in both cases.

The IRS then mailed to LGK notices of intent to levy its property and to file tax liens. These letters notified LGK of its right to a collection due process ("CDP") hearing before the IRS Office of Appeals ("Appeals"). LGK timely requested CDP hearings in each case, stating, "The LLC does not understand any basis for the claims made in the FINAL NOTICE, and does not believe the LLC owes them." SOF 10241-12, Doc. 35, Ex. 1-J at 99; SOF 900-14, Doc. 11, Ex. 1-J at 346. LGK asked that the CDP hearings be conducted by correspondence.

**B.**

In the CDP proceedings underlying Tax Court Case No. 10241-12, Appeals sent LGK several letters explaining the hearing process; requesting information regarding the relevant tax periods; listing materials to be provided by LGK regarding collection alternatives; and indicating that LGK could dispute the amount due in the CDP hearing only if LGK had not otherwise had an opportunity to dispute it with Appeals. LGK was also informed: "If you do not participate in the conference or respond to this letter, the determination letter that we issue will be based on your CDP request, any information you previously provided to this office about the applicable tax periods, and the Service's administrative file and records."
SOF 10241-12, Doc. 35, Ex. 1-J at 10. LGK did not respond, nor did it answer a subsequent letter from Appeals providing additional time to provide information.

3

Appeals issued notices of determination, finding that LGK did not dispute the tax liabilities and sustaining the proposed collection activities.

LGK petitioned the Tax Court for review of the notices of determination in Case No. 10241-12. Upon the Commissioner's request, the case was remanded to Appeals for further consideration.

Meanwhile, in the CDP proceedings underlying Tax Court Case No. 900-14, Appeals wrote to LGK, listing materials to be provided regarding collection alternatives and indicating, again, that LGK could contest the amount due only if LGK had not otherwise had an opportunity to dispute it with Appeals. LGK responded by asking for, among other things, documents indicating that LGK had any employees. Appeals replied that the assessed tax liabilities were based on earlier tax returns. As in the previous case, it also informed LGK that, should it fail to respond, Appeals would issue its determination based on the information already on file.

With both cases now in CDP hearings (No. 900-14 in its original CDP hearing and No. 10241-12 on remand), Appeals sent LGK additional letters, attaching the documentation that the IRS had used to prepare the returns for the relevant tax periods. This documentation included the tax returns the IRS had prepared on behalf of LGK; checks and money orders to and from accounts held by LGK; records from Mr. Lunnon's workers' compensation insurer; an IRS agent's report following a field call to LGK's business, which named employees including Mr. Lunnon; an IRS agent's summary of LGK's bank records showing payments to employees and payments for Mr. Lunnon's personal expenses; and transcripts of Mr. Lunnon's

4

employer tax liabilities with the state of New Mexico. Appeals also clarified that LGK could have, in response to the previous correspondence, prepared and submitted tax returns that LGK believed were correct. Appeals again invited LGK to do so. LGK responded, questioning the relevance of the documentation to the extent it concerned earlier tax periods and related to Mr. Lunnon rather than LGK. LGK did not assert that it had ceased operating its business or that it no longer had employees.

Appeals issued a supplemental notice of determination in Case No. 10241-12 and a notice of determination in Case No. 900-14. In accompanying memoranda, it noted that LGK's primary argument in both cases was that the tax assessments were not valid. Appeals reviewed the documentation the IRS had relied on in preparing the tax returns. It found that LGK failed to submit evidence to adequately dispute the underlying tax liabilities, nor did LGK contest that it had a prior opportunity to dispute those liabilities. Appeals also sustained the proposed collection activities in each case.

## C.

LGK petitioned the Tax Court for review of the notices of determination by Appeals. The Tax Court upheld the determinations, with one exception not relevant to this appeal.[1] It held that LGK was barred from contesting the underlying tax liabilities in the Tax Court because LGK did not properly raise that issue in the CDP

---

[1] In Case No. 10241-12, the Tax Court held that it lacked jurisdiction over the notice of federal tax lien regarding LGK's quarterly employment taxes for the fourth quarter of 2010. The Commissioner has not appealed that ruling, and it is not relevant to the issues raised by LGK on appeal.

hearings, despite an opportunity to do so in response to the letters from Appeals providing the documentation used to assess the underlying taxes.  The Tax Court found that LGK responded with generally unhelpful and irrelevant information, and failed to produce its own evidence tending to refute the underlying tax assessments. It also found no abuse of discretion in Appeals' decision to sustain the proposed collection activities.  LGK petitions for review of the Tax Court decisions.

## II.

We review Tax Court decisions "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury."  26 U.S.C. § 7482(a)(1).

> [W]hen the Tax Court decision rests on its review of an Office of Appeals' determination following a CDP hearing, we apply the same standards as the Tax Court.  Thus, we review the Office of Appeals' determinations about challenges to the amount of the underlying tax liability de novo and its administrative determinations unrelated to the amount of tax liability for abuse of discretion.

*Cropper v. Comm'r*, 826 F.3d 1280, 1284 (10th Cir. 2016).[2]

## A.

On appeal, LGK first argues that Appeals' determinations are arbitrary and capricious because they set forth contradictory conclusions.  On the one hand, Appeals held that LGK was precluded from disputing the underlying tax liability in the CDP hearings because LGK had a previous opportunity to contest that liability. *See* 26 U.S.C. § 6330(c)(2)(B) (providing that taxpayer may challenge the existence

---

[2] We reject LGK's contention that our review here is de novo under the Administrative Procedures Act.

6

or amount of the underlying tax liability in a CDP hearing if it "did not otherwise have an opportunity to dispute such tax liability"). Appeals also held that LGK was nonetheless given an opportunity to dispute the underlying tax liability in the CDP hearings, but failed to adequately do so. LGK argues these alternative holdings are mutually exclusive and therefore arbitrary and capricious.

We disagree. As the Commissioner notes, even when the underlying tax liability is not properly at issue in a CDP hearing, Appeals has discretion to consider it. *See Cropper*, 826 F.3d at 1288 (noting Appeals gave taxpayer opportunity to dispute underlying liability in CDP hearing, while also finding that taxpayer had received deficiency notices, which precluded him from disputing the underlying liability under § 6330(c)(2)(B)); *see also* Treas. Reg. § 301.6330-1(e)(3), Q&A E11 (noting Appeals officer's discretion to consider existence or amount of tax liability at same time as CDP hearing, even where those issues are precluded).

**B.**

LGK next argues that it had no opportunity to contest the existence or amount of the tax liability before the CDP hearing. But a Treasury Regulation provides that "[a]n opportunity to dispute the underlying liability includes a prior opportunity for a conference with Appeals that was offered either before or after the assessment of the liability." Treas. Reg. § 301.6330-1(e)(3), Q&A E2. We upheld this regulation in *Keller Tank Servs. II, Inc. v. Comm'r*, 848 F.3d 1251, 1272 (10th Cir. 2017), as a reasonable interpretation of § 6330(c)(2)(B). Here, LGK had an opportunity to dispute the underlying tax liabilities via a conference with Appeals, as specifically

7

offered in the initial letters from the IRS. *See* SOF 10241-12, Doc. 35, Ex. 2-J at 104, 106; SOF 900-14, Doc. 11, Ex. 1-J at 89, 91 (explaining process to request a conference with Appeals).[3]

Accordingly, LGK has not demonstrated that Appeals abused its discretion in determining that LGK was precluded in both cases from disputing the underlying tax liability in the CDP hearings because LGK had a prior opportunity to contest that issue. Moreover, LGK does not challenge Appeals' alternative determination that, given the opportunity to do so, LGK failed to adequately dispute the underlying tax liabilities in the CDP hearings. Therefore, LGK likewise fails to shown an abuse of discretion as to that finding.[4]

---

[3] LGK nonetheless asserts that a conference with Appeals would not provide it an opportunity to prove the non-existence of employees. But given multiple opportunities to do so, both before and in the CDP hearings, LGK did not present any evidence, by affidavit or otherwise, to dispute the IRS's determination that it has employees.

[4] We do not address LGK's final contention regarding lack of evidence that employment taxes withheld by LGK were credited to particular employees. "We require that '[f]or each issue raised on appeal, all briefs must cite the precise reference in the record where the issue was raised and ruled on.'" *BWP Media USA, Inc. v. Clarity Dig. Grp., LLC*, 820 F.3d 1175, 1182 (10th Cir. 2016) (quoting 10th Cir. R. 28.2(C)(2)). LGK has waived this argument by failing to identify where it was raised in the Tax Court. *See id.*; *see also Tele-Communications, Inc. v. Comm'r*, 104 F.3d 1229, 1232-33 (10th Cir. 1997) ("[A]n issue must be presented to, considered and decided by the trial court before it can be raised on appeal." (internal quotation marks and brackets omitted)).

8

## III.

The Tax Court judgments are affirmed.

Entered for the Court


Bobby R. Baldock
Circuit Judge