T.C. Memo. 2017-225

UNITED STATES TAX COURT

DAVID GERALD WEBER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17457-14L.                    Filed November 16, 2017.

David Gerald Weber, pro se.

<u>David A. Indek</u> and <u>Nancy M. Gilmore</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to sections 6320(c) and 6330(d)(1) of the determination by

the Internal Revenue Service (IRS or respondent) to uphold the filing of a notice

[*2] of Federal tax lien (NFTL).[1]  Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection action was proper as a matter of law.  We agree and accordingly will grant the motion.

Background

The following facts are based on the parties' pleadings and respondent's motion, including the attached declaration and exhibits.  Petitioner resided in Maryland when he filed his petition.

Petitioner has not filed a Federal income tax return since 2001.  For 2002 and 2003 the IRS prepared substitutes for returns (SFRs) that met the requirements of section 6020(b).  The IRS subsequently issued petitioner notices of deficiency based on the SFRs.  When he failed to petition this Court within 90 days for rede-termination of the deficiencies, see sec. 6213(a), the IRS assessed the tax for both years plus additions to tax under sections 6651(a)(1) and (2) and 6654(a).

On December 31, 2013, in an effort to collect these unpaid liabilities, the IRS sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hear-ing.  On January 22, 2014, the IRS received from petitioner a Form 12153,

_____

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

**[*3]** Request for a Collection Due Process or Equivalent Hearing. In his hearing request petitioner checked the box marked "I Cannot Pay Balance" and requested discharge of the lien.

Immediately after receiving petitioner's case, a settlement officer (SO1) from the IRS Appeals Office reviewed his administrative file and confirmed that the tax liabilities in question had been properly assessed and that all other requirements of applicable law and administrative procedure had been met.[2] On May 15, 2014, SO1 sent petitioner a letter scheduling a telephone CDP hearing for June 10, 2014. On that day SO1 called petitioner several times but was unable to reach him or leave a message. SO1 thereupon closed the case and, on June 25, 2014, issued a notice of determination sustaining the proposed collection action.

Petitioner timely petitioned this Court, contending (among other things) that he had documentation to substantiate expenses underlying his claimed deductions for 2002 and 2003 and that SO1 had used the wrong telephone number when calling him for the CDP hearing. Believing that the latter contention might have

---

[2]Section 6751(b)(1) provides that "[n]o penalty under this title shall be assessed unless the initial determination of such assessment" receives supervisory approval. This provision does not apply to "any addition to tax under section 6651, 6654, or 6655." Sec. 6751(b)(2)(A). Accordingly, SO1 was not required to verify that the additions to tax assessed against petitioner under sections 6651(a) and 6654(a) had been approved by a supervisor.

[*4] merit, respondent filed on August 14, 2015, a motion to remand the case to the IRS Appeals Office for a supplemental hearing. We granted that motion.

On remand the case was assigned to a different settlement officer (SO2). On October 7, 2015, SO2 mailed petitioner a letter proposing a telephone conference for November 3, 2015. She explained that, if petitioner wished her to consider a collection alternative, he needed to supply, before the hearing, the following documents: Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; signed tax returns for 2009-2014; and proof of estimated tax payments for 2015. Petitioner submitted none of these documents by the deadline.

The supplemental hearing was held as scheduled. During the hearing petitioner stated that he had deductions for 2002 and 2003 that were not reflected in the SFRs the IRS had prepared for him. Because SO2 was unsure whether petitioner had actually received the notices of deficiency, she expressed willingness to let him challenge his underlying tax liabilities for 2002 and 2003. But she explained that, in order to do so, he would need to prepare and submit tax returns for those years setting forth what he believed his correct tax liabilities to be. Petitioner replied that he would attempt to do this.

**[*5]** SO2 reminded petitioner that she could not consider collection alternatives unless he supplied the financial documentation she had requested previously. Petitioner stated that he wanted the lien on his house withdrawn; SO2 explained that the lien could be released only if he paid his tax liabilities in full or submitted an acceptable offer-in-compromise (OIC). Following the hearing SO2 sent petitioner a letter with a blank Form 433-A and blank Forms 1040, U.S. Individual Income Tax Return, requesting that he complete these documents and return them to her by December 1, 2015.

Petitioner did not communicate with SO2 after the supplemental hearing. He supplied none of the requested financial information and submitted no tax returns. Because he failed to supply a tax return for 2002 or 2003, SO2 concluded that he had not properly challenged his underlying tax liability for either year. And because he submitted no financial information she determined that he was not eligible for a collection alternative. She accordingly closed the case and, on May 5, 2016, issued petitioner a supplemental notice of determination sustaining the NFTL filing.

**[*6]**                                   Discussion

A.      Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, unnecessary, and time-consuming trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). Where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading" but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial. Rule 121(d). Petitioner has identified no material facts in genuine dispute, and we conclude that this case is appropriate for summary adjudication.[3]

B.      Standard of Review

Neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked out by our

---

[3]Petitioner did not respond to the motion for summary judgment, and we could enter a decision against him for that reason alone. See Rule 121(d). We will nevertheless consider respondent's motion on its merits.

[*7] precedents. Where the validity of the underlying tax liability is at issue, the Court reviews the IRS' determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying tax liability is not properly at issue, the Court reviews the IRS decision for abuse of discretion. Id. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

C.    Underlying Tax Liability

This Court may consider a taxpayer's challenge to his underlying liabilities in a CDP case only if he properly raised that challenge at the CDP hearing. See secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. An issue is not properly raised at the CDP hearing if the taxpayer requests consideration of the issue but fails to present any evidence after being given a reasonable opportunity to do so. Secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see Pough v. Commissioner, 135 T.C. 344, 349 (2010); LG Kendrick, LLC v. Commissioner, T.C. Memo. 2016-22, 111 T.C.M. (CCH) 1092, 1095, aff'd, 684 F. App'x 744 (10th Cir. 2017).

Although the IRS transcripts of petitioner's 2002 and 2003 accounts showed that notices of deficiency had been mailed to him, SO2 had no evidence that he

[*8] had actually received those notices. She accordingly permitted him to challenge his underlying tax liabilities and invited him to do so by filing tax returns for those years. She gave him a deadline of December 1, 2015, to submit those returns. When petitioner missed that deadline, she waited another six months before closing the case. Because petitioner did not avail himself of the opportunity SO2 offered him, he did not properly challenge his underlying liabilities during the CDP hearing and is foreclosed from challenging them here. See Pough, 135 T.C. at 349 (holding that taxpayer did not properly challenge his underlying liability when he did not submit amended returns); Goza, 114 T.C. at 182. We accordingly review the administrative action for abuse of discretion only. Goza, 114 T.C. at 182; secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

D.      Abuse of Discretion

In deciding whether SO2 abused her discretion in sustaining the proposed collection action, we consider whether she: (1) properly verified that the requirements of any applicable law or administrative procedure had been met; (2) considered any relevant issues petitioner raised; and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with

[*9] the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3).

In his hearing request petitioner checked the box marked "I Cannot Pay Balance" and requested lien discharge. During the supplemental hearing SO2 outlined the documentation petitioner needed to submit to enable her to consider a collection alternative. To assist him in this endeavor she mailed blank IRS forms for him to complete.

SO2 provided petitioner ample time to submit the required documentation. Cf. Szekely v. Commissioner, T.C. Memo. 2013-227, 106 T.C.M. (CCH) 375, 377. In her November 3, 2015, followup letter she requested that he provide the requested documentation by December 1, 2015. Petitioner failed to supply any documentation by that date. Six months passed before SO2 closed the case on May 5, 2016. Petitioner could have asked SO2 to afford him additional time to submit the documents, but he made no such request and offered no excuse for neglecting to supply the information.

We have consistently held that it is not an abuse of discretion for an Appeals officer to reject collection alternatives and sustain collection action where the taxpayer has failed, after being given sufficient opportunities, to supply the required forms and supporting financial information. See Huntress v. Commis-

[*10] sioner, T.C. Memo. 2009-161; Prater v. Commissioner, T.C. Memo. 2007-241; Roman v. Commissioner, T.C. Memo. 2004-20. We have likewise held that it is not an abuse of discretion for an Appeals officer to reject a collection alternative where the taxpayer is not in compliance with his ongoing tax obligations, as petitioner was not for his 2009-2015 tax years. See Hull v. Commissioner, T.C. Memo. 2015-86, 109 T.C.M. (CCH) 1438, 1441; Internal Revenue Manual pt. 5.14.1.4.2 (18) (Sept. 19, 2014). We will accordingly grant summary judgment for respondent and affirm the proposed collection action for 2002 and 2003. We note that petitioner is free to submit to the IRS at any time, for its consideration and possible acceptance, an OIC on Form 656, Offer in Compromise, supported by the necessary financial information.

To reflect the foregoing,

An appropriate order and decision will be entered.