152 T.C. No. 17

UNITED STATES TAX COURT

ATLANTIC PACIFIC MANAGEMENT GROUP, LLC, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8412-18.                     Filed June 20, 2019.

In this collection due process (CDP) case R assessed penalties
under I.R.C. sec. 6698(a) against P for late partnership information
return filings for 2014 and 2015 and a penalty under I.R.C. sec.
6038(b) for failing to file an information return with respect to certain
foreign corporations and partnerships for 2014. R filed a notice of
Federal tax lien and mailed a notice of Federal tax lien filing to P. P
did not timely request a CDP hearing with R, and R closed the case
without conducting a CDP or equivalent hearing or issuing a notice of
determination. P filed a petition with this Court, and R moved to
dismiss for lack of jurisdiction.

R argues that the Court lacks jurisdiction because no notice of
determination was issued to P. P argues that R deprived it of its right
to a hearing and we should demand R give it a CDP hearing.
Alternatively, P argues that under Buffano v. Commissioner, T.C.
Memo. 2007-32, we should dismiss for lack of jurisdiction on the
grounds that R failed to satisfy the requirements for issuance of a
valid notice of Federal tax lien filing and invalidate that filing.

Finally, P argues that our jurisdiction is extended under I.R.C. sec. 7803(a)(3).

     Held: We lack jurisdiction because no notice of determination was issued.

     Held, further, this case is distinguishable from Buffano, and we do not apply the rationale of that opinion here.

     Held, further, I.R.C. sec. 7803(a)(3) does not confer jurisdiction on this Court and does not extend our jurisdiction provided under other sections of the I.R.C.

Frank Agostino and Phillip J. Colasanto, for petitioner.

Michael J. De Matos, for respondent.

OPINION

GOEKE, Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent argues that no notice of determination was sent to petitioner under sections 6320 and 6330[1] for tax years 2014 and 2015 and, therefore, the necessary prerequisite--i.e., a notice of determination--to confer jurisdiction on this Court is lacking. Petitioner does not dispute that it never

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) as amended and in effect at all relevant times.

received a notice of determination, but it claims that we nevertheless have jurisdiction because respondent failed to provide it with a collection due process (CDP) hearing. For the reasons that follow, we hold that we lack jurisdiction over this matter and will grant respondent's motion to dismiss.

Background

The relevant facts to determine our jurisdiction are not in dispute.[2] Petitioner's principal place of business was outside the United States at the time it filed its petition in this case.

Respondent assessed penalties against petitioner under section 6698(a) for late partnership information return filings for 2014 and 2015 and a penalty under

_____

[2]Petitioner claims jurisdictional facts are in dispute and would have us "remand" this case to respondent's Office of Appeals (Appeals) for fact finding on these disputes. However, petitioner's disputed facts are not jurisdictional; rather it asks us to question the merits of its dispute with respondent and the underlying notice of Federal tax lien (NFTL) filing. Further, petitioner's use of the word "remand" is curious as this case never reached Appeals. Petitioner cites a number of cases in which we have remanded disputes to Appeals; however, in each of those cases there had been a previous hearing with Appeals and we had jurisdiction to remand for some inadequacy with the prior hearing. See, e.g., Keene v. Commissioner, 121 T.C. 8 (2003) (remanding to Appeals because it had failed to allow the taxpayer to record his CDP hearing); Harrell v. Commissioner, T.C. Memo. 2003-271 (remanding to Appeals so that taxpayers could reconsider the Appeals officer's suggested installment agreement or offer a collection alternative). It appears instead that petitioner is seeking an order from us demanding that respondent give it a CDP hearing. As we determine we do not have jurisdiction over this dispute, we lack the authority to address petitioner's grievances or provide the requested relief.

section 6038(b) for failing to file an information return with respect to certain foreign corporations and partnerships for 2014. On June 13, 2017, respondent mailed Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing under I.R.C. 6320, to petitioner at its New York address with respect to the 2014 and 2015 assessments. Letter 3172, delivered and signed for on June 16, 2017, notified petitioner of its right to file a request for a CDP or equivalent hearing on or before July 20, 2017.[3] Petitioner's tax matters partner and managing member, David Chu, was not in the United States at the time and did not sign for Letter 3172.

On July 28, 2017, petitioner mailed Form 12153, Request for a Collection Due Process or Equivalent Hearing, to respondent. Form 12153 listed petitioner's New York address as its "current address", and that address was also the return address on the envelope in which Form 12153 was mailed. Respondent received the request on July 31, 2017. On August 28, 2017, respondent mailed a letter (August 28, 2017, letter) informing petitioner at its New York address that its CDP hearing request was being denied as untimely. It also gave petitioner until

---

[3]Petitioner alleges that "delivery" of Letter 3172 is in dispute, but postal records reflect the letter was delivered and signed for on June 16, 2017, at 11:05 a.m. Regardless, delivery of Letter 3172 is immaterial for determining our jurisdiction in this matter.

September 1, 2017, to request an equivalent hearing. On September 7, 2017, respondent's automated collection system support closed the case without a hearing. Respondent asserts on brief that petitioner updated its last known address with him the week of October 14, 2017.

On December 19, 2017, petitioner sent a followup request for a CDP or equivalent hearing. Petitioner's request for an equivalent hearing was submitted by its attorneys in this matter. The request included a Form 2848, Power of Attorney and Declaration of Representative, which listed petitioner's New York address as the taxpayer's address. The record does not reflect a response from respondent to petitioner's December 19, 2017, request for a CDP or equivalent hearing. On May 2, 2018, petitioner filed a petition seeking this Court's review and attached the August 28, 2017, letter received from respondent. No CDP or equivalent hearing was ever conducted.

## Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise that jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person liable for tax when a demand for the payment of the person's taxes has been made and the person fails to pay those

taxes. Section 6323 requires the Secretary to file an NFTL if the lien is to be valid against certain creditors. Section 6320(a)(1) requires the Secretary to notify in writing any person against whose property an NFTL is filed. Such notice must include the right of the person to request a hearing within 30 days following the fifth business day after the lien is filed. Sec. 6320(a)(3). Any person timely requesting such a hearing shall receive one with Appeals, and the Appeals officer will make a "determination" following the hearing. Secs. 6320(b)(1), (c), 6330(c)(3). The person may then petition this Court within 30 days of the determination, and we will have jurisdiction to review it. Secs. 6320(c), 6330(d)(1).

Our jurisdiction under section 6330(d)(1) requires a written notice embodying a determination to proceed with the collection of taxes in issue, and a timely petition. Lunsford v. Commissioner, 117 T.C. 159, 164 (2001). The determination does not have to follow any particular format. LG Kendrick, LLC v. Commissioner, 146 T.C. 17, 28 (2016), aff'd, 684 F. App'x 744 (10th Cir. 2017). However, if no written determination is issued, the absence of such a determination is grounds for dismissal of the petition. Id. (citing Offiler v. Commissioner, 114 T.C. 492, 498 (2000)). In deciding whether we have jurisdiction we will not look behind a notice of determination, or lack of notice, to

determine whether a hearing was fair or even whether the taxpayer was given an appropriate hearing opportunity.  Id. at 31; cf. Lunsford v. Commissioner, 117 T.C. at 164-165.

As a threshold matter we must address some discrepancies in caselaw surrounding our authority to determine whether statutory requirements were complied with when determining jurisdiction.  In Kennedy v. Commissioner, T.C. Memo. 2008-33, 2008 WL 440992, at *1, we explained that where we determine that jurisdiction is lacking, we must still decide the proper basis for dismissal.  In Buffano v. Commissioner, T.C. Memo. 2007-32, 2007 WL 424705, at *2, the taxpayer failed to timely request a CDP hearing; and although the Commissioner granted an equivalent hearing, the taxpayer did not show up.  As a result, no notice of determination was issued by Appeals.  Id.  However, we examined the Commissioner's compliance with the statutory requirement that a levy notice be mailed to a taxpayer's last known address, and we held that the levy notice upon which a notice of determination would have been based was invalid since it was not mailed to the appropriate address.  Id. at *5.  Accordingly, we dismissed and invalidated the underlying levy notice.  Id.

Petitioner suggests that we should take a similar approach here.[4]  Following Buffano, the Court of Appeals for the Seventh Circuit held, in a case with similar facts, that "[a] decision invalidating administrative action for not following statutory procedures is a quintessential merits analysis, not a jurisdictional ruling." Adolphson v. Commissioner, 842 F.3d 478, 484 (7th Cir. 2016).  Respondent encourages us to overrule Buffano and the line of cases that followed and instead adopt the approach outlined in Adolphson.  However, we need not address the discrepancies in these rulings today as we can clearly distinguish the present case from our decision in Buffano.

In Buffano v. Commissioner, 2007 WL 424705, at *1, the record included information showing the address appearing on the taxpayer's most recently filed Federal income tax return.  This is the starting point for establishing a taxpayer's last known address.  See Kennedy v. Commissioner, 116 T.C. 255, 260 n.4 (2001); Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); sec. 301.6212-2(a), Proced. & Admin. Regs.  In addition, the taxpayer did not even become aware of the Commissioner's levy filing until the Internal Revenue Service (IRS) served a notice of levy on his employer.  Buffano v. Commissioner, 2007 WL 424705,

---

[4]Petitioner has not made a cross-motion to dismiss for lack of jurisdiction, but its position is clear from statements on brief.

at *2. By contrast, petitioner has not shown that its last known address was one other than the New York address used by respondent.[5] In fact, petitioner admits that it received the notice of NFTL filing at its New York address, and petitioner filed a request, albeit untimely, for a CDP hearing based on the notice of NFTL filing. Further, petitioner listed its New York address as its current address on Form 12153, and petitioner's attorneys listed the New York address as the taxpayer's address on Form 2848. Accordingly, we find this case distinguishable from Buffano.[6]

Petitioner makes a number of arguments attacking respondent's basis for the underlying penalties, and arguing that the Letter 3172 it received did not comply with section 6320. However, petitioner's main contention is that respondent never gave it a hearing. Petitioner does not dispute, however, that it failed to timely request a CDP hearing. Consequently, respondent was not required to provide

---

[5]The notice of NFTL filing was sent to petitioner's last known address on June 13, 2017, and respondent asserts that petitioner did not notify him of a change in its last known address until the week of October 14, 2017.

[6]Petitioner challenges respondent's compliance with a number of other pre-CDP hearing statutory requirements, but these challenges all concern arguments on the merits and cannot be addressed as we lack jurisdiction over this case. Specifically, petitioner alleges that: (1) respondent did not make a valid assessment under sec. 6203; (2) respondent did not timely notify petitioner of an assessment under sec. 6303; and (3) the notice of NFTL filing was untimely sent.

petitioner with a hearing.  See Inv. Research Assocs., Inc. v. Commissioner, 126 T.C. 183, 191 (2006).  Absent a determination letter petitioner lacks the "jurisdictional hook" to enter this Court.  See Adolphson v. Commissioner, 842 F.3d at 485.[7]

Petitioner argues that section 7803(a)(3) confers jurisdiction on this Court. Petitioner alleges that section 7803(a)(3), which provides a statutory taxpayer bill of rights (TBOR), gives it a right to be heard and to appeal decisions of respondent to an independent forum.  See Protecting Americans from Tax Hikes Act of 2015, Pub. L. No. 114-113, sec. 401(a), 129 Stat. at 3117.  However, section 7803(a)(3) itself does not confer any new rights on taxpayers; it merely lists "taxpayer rights as afforded by other provisions of" the Code.  Further, section 7803(a)(3) imposes an obligation on the Commissioner to "ensure that employees of the Internal

---

[7]Petitioner suggests that the August 28, 2017, letter, denying a CDP hearing because of petitioner's untimely request, was a determination that can confer jurisdiction on this Court.  While we have said "that the absence of a document bearing a particular title or format does not mean that no determination has been made", SECC Corp. v. Commissioner, 142 T.C. 225, 231 (2014), we have never held such a letter to be a determination that can establish our jurisdiction. Regardless, respondent mailed the letter on August 28, 2017, but petitioner did not file its petition with this Court until May 2, 2018.  Assuming without deciding that the August 28, 2017, letter could constitute a determination under sec. 6330, the petition was filed well outside the 30-day window for filing under sec. 6330(d)(1).

Revenue Service are familiar with and act in accord with" such rights. It does not independently establish a basis for jurisdiction in this Court.

Petitioner acknowledges that section 7803(a)(3) provides no independent relief or additional rights to taxpayers but applies only to rights already guaranteed. See Facebook, Inc. v. IRS, Case No. 17-cv-06490-LB (N.D. Cal. May 14, 2018), 2018 WL 2215743. Petitioner suggests that the list of taxpayer rights in section 7803(a)(3) includes a taxpayer's right to a CDP hearing, but petitioner does not explain how that section would confer jurisdiction on this Court when the taxpayer failed to timely request such a hearing. The text of section 7803(a)(3) clearly confers no power on this Court to extend the deadline for requesting a CDP hearing beyond the 30 days Congress prescribed in section 6320.[8] Without a

_____

[8]In Moya v. Commissioner, 152 T.C. __, __ (slip op. at 16-17) (Apr. 17, 2019), we held that the IRS TBOR did not confer any new rights on taxpayers; the statutory TBOR in sec. 7803(a)(3), which exactly tracks the IRS TBOR, became effective after the notice at issue. See IRS News Release IR-2014-73, 2014 WL 2590817 (June 10, 2014). We held that even if the Commissioner had violated taxpayer rights under the IRS TBOR as the taxpayer argued, "we would neither invalidate the notice, relieve * * * [the taxpayer] of any portion of the burden of proof, nor take any other action to remediate those violations or failure" as we would not ignore the principle articulated in Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324 (1974), and look behind the notice in order to remediate any violation. Moya v. Commissioner, 152 T.C. at __ (slip op. at 16-17). In Facebook, Inc. v. IRS, Case No. 17-cv-06490-LB (N.D. Cal. May 14, 2018), 2018 WL 2215743, at *13, the District Court held that sec. 7803(a)(3) did not grant taxpayers new substantive rights. Sec. 7803(a)(3)(E) restates a

(continued...)

notice of determination following timely requested CDP hearing, we lack jurisdiction.  Sec. 6330(d)(1).

Petitioner cites section 6320(b)(1) as giving it a right to a hearing but conspicuously omits any reference to section 6320(a)(3)(B) mandating a 30-day timeframe in which to request such a hearing.  Petitioner's failure to cite this provision evidences either an unfamiliarity with the statute or a deliberate attempt to mislead the Court.  We have already held that petitioner's failure to timely request a CDP hearing leaves us without jurisdiction to consider this matter.  Attempting to confuse our jurisdiction in this case with citations of section 7803(a)(3) does not aid petitioner's point.  Petitioner appears eager to raise arguments it could have raised at a CDP hearing; however, its failure to timely request a hearing has left it without a right to raise those points before respondent or this Court.  It would appear, however, that petitioner is not without remedy and remains free to challenge respondent's determinations through a refund action.

---

[8](...continued)
taxpayer's already existing "right to appeal a decision of the Internal Revenue Service in an independent forum"; however, it does not necessitate a CDP hearing as the independent forum.

In reaching our holding, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An order of dismissal for lack of jurisdiction will be entered</u>.