# United States Tax Court

T.C. Memo. 2022-58

ANTHONY L. PHILLIPS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 18553-21L.                          Filed June 13, 2022.

————

Anthony L. Phillips, pro se.

*James P.A. Caligure* and *Ryan J. Hough*, for respondent.

## MEMORANDUM OPINION

LAUBER, *Judge*:  In this collection due process (CDP) case, petitioner seeks review pursuant to sections 6320(c) and 6330(d)(1) of the determination by the Internal Revenue Service (IRS or respondent) to uphold the filing of a Notice of Federal Tax Lien (NFTL).[1]  Respondent has filed a Motion for Summary Judgment, contending that the settlement officer (SO) did not abuse her discretion in upholding the NFTL filing.  We agree and accordingly will grant the Motion.

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]                                    *Background*

The following facts are derived from the parties' pleadings and motion papers, including the attached declaration and exhibits. Petitioner resided in New York when he petitioned this Court.

Petitioner failed to comply with his Federal income tax obligations for 2008, 2012, 2013, 2015, and 2016. The IRS for those years assessed deficiencies, additions to tax under section 6651(a)(1) and (2), and interest. As of August 2019, petitioner's outstanding liabilities for the five years in question totaled $14,235.

On August 13, 2019, in an effort to collect these unpaid liabilities, the IRS issued petitioner Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing. Petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing. He expressed interest in a collection alternative, checking the box for "Offer in Compromise." He did not check the box for "Lien Withdrawal." Nor did he challenge, on his Form 12153 or at any subsequent point during the CDP proceeding, his underlying tax liabilities.

In January 2020 petitioner submitted Form 656, Offer in Compromise, in which he offered to pay $3,300 in satisfaction of his liabilities. He premised his offer-in-compromise (OIC) on doubt as to collectibility, representing that he was unable to work due to a disability. He attached Form 433–A (OIC), Collection Information Statement for Wage Earners and Self-Employed Individuals.

The IRS referred petitioner's offer to its Centralized Offer in Compromise Unit (COIC unit). Upon reviewing petitioner's offer, the COIC unit determined that petitioner had "the ability to pay [his] liability in full within the time provided by law." On January 6, 2021, the COIC unit recommended rejection of his offer but said he could seek reconsideration during the CDP hearing.

Petitioner's case was assigned to an SO in the IRS Independent Office of Appeals (Appeals) in Fresno, California. The SO first verified that petitioner's tax liabilities had been properly assessed. She then confirmed that all other legal and administrative requirements had been satisfied.

On January 25, 2021, the SO mailed petitioner a letter advising him that, in addition to pursuing the OIC, he could apply for lien withdrawal or request another collection alternative, such as an installment

[*3] agreement. The SO told him that, on the basis of the financial information he had already supplied, he was eligible for an installment agreement with monthly payments of $443.

On February 12, 2021, petitioner responded to the SO's letter. He expressed interest in an installment agreement but stated that he was "requesting a lower monthly repayment of $333.00 per month." The SO called petitioner to discuss this proposal, explaining that, to qualify for an installment agreement, he would need to satisfy his unpaid balance within 72 months. *See* Internal Revenue Manual (IRM) 5.19.1.6.4.1 (Mar. 11, 2020). Because his unpaid balance for all years by then exceeded $30,000, he could not qualify unless he paid more than $333 each month.

To solve this problem, the SO indicated that the IRS would accept monthly payments of $333 during the first 12 months of an installment agreement if petitioner agreed to pay $475 monthly during the final 60 months. Petitioner agreed to this proposal. His first payment was due in June 2021, and his monthly payment was set to increase in June 2022.

Following the call the SO sent petitioner a letter confirming the details of their agreement with an attached Form 433–D, Installment Agreement. The SO instructed petitioner that, if he wished to accept the installment agreement, he should sign the Form 433–D and formally withdraw his OIC request. On April 1, 2021, petitioner submitted a signed Form 433–D and executed a document confirming that he had "accepted an Installment Agreement as part of the Appeals process" and was "withdraw[ing] [his] Form 656, Offer in Compromise." The terms of the installment agreement explicitly included a provision acknowledging that the "Notice of Federal Tax Lien filed on the tax periods listed above will remain."[2]

On April 19, 2021, the SO closed the CDP case and issued petitioner a notice of determination. The notice correctly stated that the parties had agreed to an installment agreement with monthly payments

---

[2] The SO also asked petitioner to sign Form 12257, Summary Notice of Determination, Waiver of Right to Judicial Review of a Collection Due Process Determination. When a taxpayer executes an installment agreement during a CDP proceeding, the taxpayer will ordinarily sign a Form 12257 and waive his right to judicial review. *See Long v. Commissioner*, T.C. Memo. 2021-81, 121 T.C.M. (CCH) 1592, 1593. For reasons not disclosed in the record, petitioner failed to return the Form 12257 to the SO.

4

[*4] of $333 beginning in June 2021.  But the notice erroneously stated that the monthly payments would subsequently increase to $650, and that this increase would take effect in February 2022, rather than in June 2022.

The notice also determined that petitioner did not meet the conditions for lien withdrawal.  An NFTL may be withdrawn if the taxpayer enters into an installment agreement, "unless such agreement provides otherwise."  *See* § 6323(j)(1)(B).  Given the terms of the installment agreement to which petitioner had agreed, the notice stated that he had identified "no grounds for withdrawal" and that the NFTL filing "was not more intrusive than necessary."  The SO accordingly upheld the NFTL filing.

Petitioner timely petitioned this Court, alleging that his OIC "should have been approved" and that "the outstanding balance is inaccurately high."  On February 2, 2022, respondent moved for summary judgment.  In an Order served March 31, 2022, we noted that the terms of the installment agreement recited in the notice of determination did not appear to match the terms to which the SO and petitioner had agreed.  On May 16, 2022, respondent confirmed that "the dates and amounts agreed to on the Form 433–D and in the [SO's] case history are correct," acknowledging that "[t]he notice of determination misdescribes that monthly payments would increase to $650 in February 2022."  Respondent represents that petitioner "remains in an installment agreement pursuant to the terms of the parties' signed Form 433–D."

*Discussion*

A.    *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988).  The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Rule 121(b); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *See Sundstrand Corp.*, 98 T.C. at 520. Where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the

[*5] mere allegations or denials of such party's pleading" but must set forth specific facts showing a genuine dispute for trial.  Rule 121(d).

Petitioner did not respond to the Motion for Summary Judgment, and we could enter decision against him for that reason alone.  *See ibid.* We will nevertheless consider the Motion on its merits.  We conclude that no material facts are in dispute and that this case may be adjudicated summarily.

B.    *Standard of Review*

Sections 6320(c) and 6330(d)(1) do not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case.  The general parameters for such review are marked out by our precedents.  Where the validity of a taxpayer's underlying liability is properly at issue, we review the IRS determination de novo.  *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). Where the taxpayer's underlying liability is not properly at issue, we review the IRS decision for abuse of discretion only.  *See id.* at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law.  *See Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006).

Petitioner asserted in his Petition that "the outstanding balance is inaccurately high."  To the extent he seeks to dispute his underlying liabilities for the years at issue, he is precluded from doing so.  He did not indicate on his Form 12153 that he wished to challenge his underlying liabilities, and he did not advance such a challenge at any point during the CDP hearing.  *See* Treas. Reg. § 301.6320-1(f)(2), Q&A-F3 ("An issue is not properly raised if the taxpayer fails to request consideration of the issue by Appeals . . . ."); *see also LG Kendrick, LLC v. Commissioner*, 146 T.C. 17, 34 (2016), *aff'd*, 684 F. App'x 744 (10th Cir. 2017); *Giamelli v. Commissioner*, 129 T.C. 107, 115 (2007).  Because petitioner's underlying tax liabilities are not properly before us, we will review the SO's actions for abuse of discretion only.

C.    *Abuse of Discretion*

In deciding whether the SO abused her discretion in sustaining the collection action, we consider whether she (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of

**[\*6]** [petitioner] that any collection action be no more intrusive than necessary." § 6330(c)(3); *see* § 6320(c). Our review of the record establishes that the SO properly discharged all of her responsibilities under sections 6320(c) and 6330(c).

The SO confirmed that all applicable legal and administrative requirements had been met. She verified that petitioner's tax liabilities for the years in issue were properly assessed, and she thoroughly explained the issues that she could consider. Although petitioner initially pursued an OIC as a collection alternative, he explicitly withdrew his Form 656 proposal as a condition of executing an installment agreement. Thus, he cannot properly urge, as he did in his Petition, that his OIC "should have been approved."

Petitioner and the SO ultimately agreed to an installment agreement under which he would satisfy his outstanding tax liabilities by paying $333 a month beginning June 2021, with the monthly payments rising to $475 beginning June 2022. This schedule ensured that he would discharge his aggregate liability within 72 months. *See* IRM 5.19.1.6.4.1. Under the terms of this installment agreement, petitioner agreed that the "Notice of Federal Tax Lien filed on the tax periods listed above will remain."

Given these terms, the SO did not abuse her discretion in upholding the NFTL filing. Section 6323(j)(1)(B) authorizes withdrawal of an NFTL filing if the taxpayer has entered into an installment agreement, "unless such agreement provides otherwise." *See* IRM 5.12.9.3.2(1) (Sept. 6, 2019). If "[t]he installment agreement provided for the NFTL," then "[a] request for withdrawal may not be granted." *Id.* 5.12.9.3.2(2); *see also* Treas. Reg. § 301.6323(j)-1(b)(2). At no point during the CDP hearing did petitioner request withdrawal of the NFTL filing. To the contrary, he explicitly agreed in the installment agreement that the NFTL "filed on the tax periods listed above will remain." The SO did not abuse her discretion in sustaining the NFTL filing in accordance with petitioner's agreement.

The notice of determination does contain one error, reciting incorrectly that monthly payments under the installment agreement were to increase to $650 in February 2022, rather than increasing to $475 in June 2022. But respondent has confirmed that this was essentially a scrivener's error. He represents that the agreement's terms are those stated in this opinion and that petitioner currently remains in this agreement.

**[\*7]** Although the notice of determination contains a minor error, we do not believe that the SO abused her discretion. Both parties are bound to the terms of the installment agreement as reflected in the Form 433–D, and petitioner has not alleged that the IRS has violated those terms in any way. We have previously recognized that a notice of determination need not be "error-free in order to be sustained." *See Salahuddin v. Commissioner,* T.C. Memo. 2012-141, 103 T.C.M. (CCH) 1764, 1768. A CDP case should be remanded only when a supplemental hearing would be "necessary or productive." *See Lunsford v. Commissioner*, 117 T.C. 183, 189 (2001). Given that the parties are operating under the terms of the installment agreement as reflected in the Form 433–D, we do not believe that a supplemental CDP hearing would serve any useful purpose.

Finding no abuse of discretion in any respect, we will grant respondent's Motion and sustain the collection action. To reflect the foregoing,

*An appropriate order and decision will be entered.*