142 T.C. No. 14

UNITED STATES TAX COURT

BRUCE M. KRAFT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3602-12L.                    Filed April 23, 2014.


P filed a petition for review pursuant to I.R.C. sec. 6330 in response to R's determination to proceed with collection by means of levy. P sought a collection alternative and requested that R invade Trust (T) in order to satisfy P's income tax liability. P contends that for R to collect from him personally the levy would have to be continuing for some time, resulting in additional interest and costs. P contends that in order for R to meet the standard of "no more intrusive than necessary" R is required to collect involuntary payments from the T in the manner P suggests.

Held: It was not an abuse of discretion for R to determine to proceed with a levy in lieu of or in addition to an attempt to invade the T in order to satisfy P's income tax liability.

Held, further, R is not required to grant P's request to collect involuntary payments from a certain source.

Bruce M. Kraft, pro se.

Whitney N. Moore, for respondent.

OPINION

WHERRY, Judge:  Petitioner filed a petition seeking review of a Notice of Determination Concerning Collection Action Under Section 6330 (notice of determination) with respect to his self-reported unpaid 2009 Federal income tax liability.[1]  This case was scheduled to be tried during the trial session in Los Angeles, California, beginning on December 9, 2013, but was continued to permit a hearing on and resolution of respondent's motion for summary judgment filed on October 21, 2013.  Petitioner was directed to file any response to respondent's motion on or before November 18, 2013.  On November 18, 2013, petitioner sent his response to the motion for summary judgment to the Court, and it was filed on November 20, 2013.  A hearing on this motion was held in Los Angeles, California, where both parties were present on December 9, 2013.  This Court subsequently requested the parties to file briefs discussing whether (in the light of

---

[1]All section references unless otherwise noted are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure as amended.

petitioner's assertion that his personal liquid assets are insufficient to satisfy his Federal income tax liability and a continuing or multiple levies would be required) respondent may be required by petitioner to invade the spendthrift Bruce Kraft Discretionary Trust UTD 1999 (Kraft Trust) in order to satisfy petitioner's income tax liability. The parties submitted their briefs by February 10, 2014. At the time the petition in this case was filed, petitioner resided in Washington, D.C.

## Background

Petitioner requested and received an extension of time to file his 2009 Federal income tax return to October 15, 2010, but he did not file his 2009 Form 1040, U.S. Individual Income Tax Return, until December 28, 2010. On his 2009 Form 1040, petitioner reported his tax liability of $141,045. Petitioner had no withholding but made a payment of $10,000 at the time of filing. Subsequently, as of March 14, 2011, petitioner had paid an additional $70,500, but the unpaid liability has also increased as result of an unpaid addition to tax and/or a penalty and interest.

On February 7, 2011, respondent assessed petitioner's self-reported tax liability of $141,045, as well as an addition to tax and interest. On May 24, 2011, respondent issued a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, for the 2009 taxable year. The final notice reflected a balance

due, as of June 23, 2011, of $144,182,[2] plus accrued interest of $2,006, and a late-payment addition to tax of $3,937 for a total of $150,125. On June 16, 2011, petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing. In the Form 12153 petitioner checked the box indicating that he disputed respondent's proposed or actual levy. Petitioner also indicated in the Form 12153 that he wanted to discuss an installment agreement as a collection alternative for his 2009, 2010, and 2011 tax liabilities. Petitioner attached a four-page document to his Form 12153. In the attachment petitioner requested that respondent levy on a specific source, a property at 1220 Wisconsin Ave, N.W., Washington, D.C., or other Kraft Trust-owned assets, rather than his distribution of income from the Kraft Trust and another trust of which he is a beneficiary. Petitioner also indicated that he preferred that respondent levy on this source instead of approving an installment payment plan. Petitioner did not raise any other issues in his Form 12153.

In a letter dated October 12, 2011, respondent notified petitioner that he had received petitioner's Forms 12153 for his 2010 and 2011 tax years. Respondent informed petitioner that as of November 11, 2011, petitioner's total tax balance

---

[2]All dollar amounts are rounded to the nearest dollar unless otherwise specified.

due was $212,390. Respondent also informed petitioner that the Internal Revenue Service (IRS) "will continue to charge penalties and interest until" petitioner pays the amount owed in full. Respondent noted that a Final Notice of Intent to Levy and Notice of your Right to a Hearing had not been issued for the 2010 and 2011 tax years and therefore petitioner did not have a right to a collection due process (CDP) hearing for those tax years. Respondent also included with the letter Publication 1660, Collection Appeal Rights.

In a letter dated November 14, 2011, Settlement Officer Eva Holsey scheduled a telephone conference for December 20, 2011, relating to the 2009 calendar tax year. A copy of IRS publication 4165, An Introduction to Collection Due Process Hearings, which outlines a taxpayer's appeal rights and the Appeals process, was enclosed with the letter. Ms. Holsey was the hearing officer assigned to petitioner's CDP hearing. In that letter Ms. Holsey also stated that in order for petitioner to be offered a face-to-face conference or an installment agreement he would need to provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. Ms. Holsey advised that no collection alternative would be considered unless petitioner filed all Federal tax returns required to be filed and was current on his estimated tax payments for the periods ending March 31, June 30, and September 30, 2011. In a letter to Ms.

Holsey dated November 21, 2011, petitioner acknowledged receiving the letter. Included with petitioner's letter was a check for $3,000 earmarked for his 2009 tax liability.

Petitioner failed to provide the financial information requested in the November 14 letter by the deadline of November 28, 2011. Ms. Holsey received a faxed letter and a Form 2848, Power of Attorney and Declaration of Representative, appointing Kenneth A. Burns as petitioner's counsel for tax years 2009 through 2011. The faxed document also indicated that petitioner's counsel was not available on December 20, 2011, and requested that the date be changed to either sometime during December 27 through December 30, 2011, or during the first two weeks of January 2012. On December 1, 2011, Ms. Holsey called petitioner's counsel and informed him that respondent did not yet plan to levy with respect to the collection of petitioner's unpaid tax liabilities for his 2010 and 2011 tax years.

On December 11, 2011, a Form 2848 was provided to Ms. Holsey appointing William D. Hartsock and Sherry L. McDonald as Mr. Kraft's representatives. On December 20, 2011, Mr. Hartsock on behalf of petitioner faxed respondent requested financial information in the form of a Form 433-A. Included with the Form 433-A was a statement from Mr. Hartsock indicating that

petitioner is the grantor and beneficiary of the Kraft Trust. The Kraft Trust was an irrevocable trust set up by petitioner that allows the trustee to distribute net income and principal as the trustee deems "necessary and appropriate for beneficiary's health, maintenance, support, and education." The Kraft Trust agreement specified that its "validity, construction, and administration * * * shall be determined by reference to the laws of the District of Columbia." Later, on December 20, 2011, Mr. Hartsock called Ms. Holsey for the CDP hearing and requested that she levy on the Kraft Trust but that the collection process be delayed until the levy to collect the 2010 and 2011 tax liabilities. Petitioner did not raise the issue of his underlying tax liability during the CDP hearing.

Ms. Holsey sustained the proposed levy action because she determined that the proposed levy was appropriate and no more intrusive than necessary. Appeals Team Manager Dwight Bates sent to petitioner a notice of determination for his 2009 tax year dated January 11, 2012, indicating that the Appeals Office would not grant relief under section 6330 from the proposed levy action.

On February 7, 2012, petitioner filed his petition with the Court for review of the CDP determination, stating inter alia that:

1. the IRS erred in not granting the relief requested;[3]

2. the Commissioner erred in not considering the 2010 and 2011 tax years; and

3. the Commissioner erred in "stating in their letter" that petitioner wanted an installment agreement.

## Discussion

"Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials." Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). A party moving for summary judgment bears the burden of demonstrating that no genuine dispute of material fact exists and that he or she is entitled to judgment as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). Facts are viewed in the light most favorable to the nonmoving party. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). Where a motion for summary judgment has been properly made and supported by the moving party, the nonmoving party "may not rest upon the mere allegations or denials" contained in that party's

---

[3]There is no indication in the record that petitioner requested anything different in the CDP hearing, as his chief concern was having levies for his 2009, 2010, and 2011 tax year liabilities imposed together and the total due collected from the Kraft Trust.

pleadings but must by affidavits, declarations, or otherwise "set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d).

Section 6331(a) authorizes the Commissioner to levy upon property or property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after notice and demand for payment. Section 6331(d) provides that the levy authorized in section 6331(a) may be made with respect to unpaid tax liability only if the Commissioner has given written notice to the taxpayer 30 days before the levy. Section 6330(a) requires that the Commissioner send a written notice to inform the taxpayer of the amount of the unpaid tax and of the taxpayer's right to request a section 6330 hearing during that 30-day period.

If an administrative hearing is requested in a levy case, the hearing is to be conducted by the Appeals Office. Sec. 6330(b)(1). At the hearing, the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1). Taxpayers are expected to provide all relevant information requested by Appeals, including financial statements, to enable it to consider the facts and issues involved in the hearing. Sec. 301.6330-1(e)(1), Proced. & Admin. Regs.

If a taxpayer's underlying tax liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. Sego v.

Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). We review other administrative determinations regarding the proposed collection action for abuse of discretion. Goza v. Commissioner, 114 T.C. at 182.

Following the hearing the Appeals officer must determine whether the proposed collection action should proceed. In making the determination the Appeals officer shall take into consideration: (1) whether the requirements of any applicable law or administrative procedure have been satisfied; (2) any relevant issues raised by the taxpayer during the section 6330 hearing; and (3) whether the proposed collection action balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. Sec. 6330(c)(3).

2009 Tax Year

The tax liability for the 2009 tax year was self-reported. Taxpayers are generally not treated as having had an opportunity to dispute a liability that is self-reported as due on their Federal income tax returns. Montgomery v. Commissioner, 122 T.C. 1, 9 (2004). But petitioner never raised the issue of the amount of the 2009 tax liability during the CDP hearing, and we cannot review an

issue not properly raised during the hearing. Giamelli v. Commissioner, 129 T.C. 107, 114 (2007).

At the Court hearing petitioner confirmed that he does not contest the validity of the underlying tax liability. Rather, petitioner contends that the CDP hearing was inappropriate because Ms. Holsey did not consider his 2010 and 2011 tax liabilities. Therefore, we review respondent's determination for abuse of discretion. See Goza v. Commissioner, 114 T.C. at 181-182. Whether an abuse of discretion has occurred depends upon whether the exercise of discretion is without sound basis in fact or law. Freije v. Commissioner, 125 T.C. 14, 22-23 (2005).

2010 and 2011 Tax Years

"To the extent practicable, a CDP hearing with respect to one tax period shown on a CDP notice will be combined with any and all other CDP hearings which the taxpayer has requested." Sec. 301.6330-1(d)(2), Q&A-D2, Proced. & Admin. Regs. In order for the Secretary to levy on property or property rights for an unpaid tax liability he must have first complied with certain requirements set out above. Respondent has not yet sent a written notice for the 2010 and 2011 tax years advising petitioner of his right to a section 6330 hearing. See sec. 6330. Therefore, the 2010 and 2011 tax years were not properly before the Appeals Office. Accordingly, respondent did not commit an abuse of discretion in not

considering petitioner's 2010 and 2011 tax years at the CDP hearing. See Andre v. Commissioner, 127 T.C. 68 (2006).

Installment Agreement

During a CDP hearing regarding a levy, the Appeals officer must consider any relevant issue raised by the taxpayer that is related to the unpaid tax or the proposed levy. Sec. 6330(c)(2)(A). In particular, section 6330(c)(2)(A)(iii) requires the Appeals officer to consider "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." See Goza v. Commissioner, 114 T.C. at 180-182.

Petitioner also contends Appeals erred in stating that he wanted an installment agreement. During the CDP hearing petitioner did not request an installment agreement. At the hearing on respondent's motion petitioner explicitly stated that he did not want an installment agreement; however, petitioner's Form 12153 states that he wished to discuss an installment agreement as a collection alternative. Respondent did not commit an abuse of discretion by discussing an installment agreement in the letter sent to petitioner. Additionally, this issue is not material to the Court's decision in resolving the summary judgment motion.

Spendthrift Provision in the Kraft Trust

A spendthrift trust is a creation of State law which generally prevents creditors from invading the principal of a trust in order to satisfy the beneficiaries' debts; however, there are exceptions.  In cases where the Commissioner asserts a tax lien or levy, the first question is to what "extent the taxpayer ha[s] 'property' or 'rights to property' to which the tax lien [or levy] could attach.  In answering that question, both federal and state courts must look to state law".  Aquilino v. United States, 363 U.S. 509, 513 (1960).  The Kraft Trust agreement specifically states that the trust shall be governed by the laws of the District of Columbia.  Accordingly, we look to the laws of the District of Columbia to determine petitioner's property rights.  The District of Columbia Code provides that whether or not the terms of a "trust contain a spendthrift provision, the following rules apply * * * With respect to an irrevocable trust, a creditor or assignee of the settlor may reach the maximum amount that can be distributed to or for the settlor's benefit".  D.C. Code sec. 19-1305.05(a)(2) (Lexis Nexis 2013); see also Uniform Trust Code sec. 505(a)(2), 7C U.L.A. 535 (2006).[4]  According to the Uniform Trust Code comments, "a settlor who is also a beneficiary may not use the trust as

_____

[4]The District of Columbia has, by statute, adopted the Uniform Trust Code sec. 505 in whole effective March 4, 2004.  See D.C. Code sec. 19-1301 note (Lexis Nexis 2013).

a shield against the settlor's creditors." Uniform Trust Code sec. 505 cmt. (citing Restatement (Third) of Trusts, section 58(2)). Additionally, "whether the trust contains a spendthrift provision or not, a creditor of the settlor may reach the maximum amount that the trustee could have paid to the settlor-beneficiary. If the trustee has discretion to distribute the entire income and principal to the settlor, the effect of this subsection is to place the settlor's creditors in the same position as if the trust had not been created." Id. Therefore, the IRS is not prohibited from collecting from the Kraft Trust in order to satisfy petitioner's tax liability.

The Appeals officer is required to take into consideration whether the proposed collection action "balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3)(C). Additionally, the taxpayer "may raise at the [CDP] hearing any relevant issue relating to the unpaid tax or the proposed levy, including * * * the substitution of other assets". Sec. 6330(c)(2)(A)(iii). Petitioner alleges that he requested the Commissioner to levy upon the Kraft Trust and the Commissioner has committed an abuse of discretion by not determining to do so;[5] however, the Commissioner may levy "upon any

---

[5]Petitioner asserts that respondent should levy the Kraft Trust because it is a quicker and a more efficient way to satisfy his tax deficiency; however even if

(continued...)

property, or rights to property * * * belonging to the taxpayer." Sec. 301.6331-1(a), Proced. & Admin. Regs.

Additionally, the Internal Revenue Manual also specifically states that "[u]nless specifically exempt, any taxpayer property or rights to property can be levied." Internal Revenue Manual pt. 5.19.4.1(2) (Jan. 3, 2012). Even if the Commissioner was inclined to specifically levy on the Kraft Trust, there would first need to be a "thorough investigation" into the status of the specific property.[6] See sec. 6331(j)(1). There is no evidence in the record that a "thorough investigation" of the Kraft Trust has occurred. Caselaw has made clear that while there must be an inquiry of whether, inter alia, there is enough equity in property owned by the taxpayer, such matters occur later in the collection process. See Medlock v. United States, 325 F. Supp. 2d 1064, 1079 (C.D. Cal. 2003); see also Living Care Alts. of Utica, Inc. v. United States, 411 F.3d 621, 629 (6th Cir. 2005)

---

[5](...continued)
respondent were to levy upon the Kraft Trust there is a very real possibility that the trustees of the Kraft Trust could feel that their fiduciary duties require them to oppose such a levy, which could cause even more litigation and additional delay.

[6]It may well be that in substance petitioner is asking the Court to enjoin respondent from collecting tax from him directly and instead order respondent to collect only from the Trust. If so, such an injunction would run afoul of sec. 7421, the Anti-Injunction Act.

("We * * * find no statutory violation arising from the IRS's failure to investigate at this time the available equity in the taxpayer's property. This failure cannot, therefore, provide the basis for overturning the Appeals Officers' balancing analyses or final decisions."); Tucker v. Commissioner, 135 T.C. 114, 140-142 (2010), aff'd, 676 F.3d 1129 (D.C. Cir. 2012). Accordingly, respondent did not abuse his discretion by not determining to levy upon the Kraft Trust.

## Conclusion

In conclusion, we hold that the settlement officer verified that the requirements of all applicable law and administrative procedures were met. The Court also concludes that the settlement officer did not abuse her discretion in determining that the proposed levy action appropriately balanced the need for efficient collection of taxes with petitioner's concerns that the levy be no more intrusive than necessary. We will therefore grant respondent's motion for summary judgment.

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.
