T.C. Memo. 2021-19

UNITED STATES TAX COURT

FRIENDSHIP CREATIVE PRINTERS INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7945-19L.                    Filed February 22, 2021.

Gregg S. Palmer (an officer), for petitioner.

Hilary E. March, for respondent.

MEMORANDUM OPINION

NEGA, Judge:  This case is before the Court on a petition for review of a

Notice of Determination Concerning Collection Action(s) Under Section(s) 6320

and/or 6330 (notice of determination).[1]  Petitioner seeks review of respondent's

_____

[1]Unless otherwise indicated, all section references are to the Internal
(continued...)

**[\*2]** determination to sustain a proposed levy action in collection of $213,460, arising from petitioner's: (1) employment tax liabilities and related section 6651(a)(1) additions to tax for failure to timely file Forms 941, Employer's QUARTERLY Federal Tax Return, section 6651(a)(2) additions to tax for failure to timely pay employment taxes, and section 6656 penalties for failure to timely deposit employment taxes for quarters ending March 31, June 30, and September 30, 2013 (2013 quarters);[2] and (2) section 6651(a)(2) additions to tax for failure to timely pay employment taxes and section 6656 penalties for failure to timely deposit employment taxes for quarters ending December 31, 2016, and March 31, June 30, and September 30, 2017 (2016 and 2017 quarters). Respondent has moved for summary adjudication under Rule 121. For the reasons explained below, we will grant respondent's motion for summary judgment.

Background

The following facts are derived from the petition, the exhibits and declaration attached to respondent's motion for summary judgment, and the

---

[1](...continued)
Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[2]Respondent concedes the sec. 6656 penalties for petitioner's failure to make timely deposits for the tax quarters ending March 31 and June 30, 2013.

[*3] parties' other filings.  When Friendship Creative Printers Inc. filed the petition, it was a corporation organized in Maryland, with its principal place of business in Maryland.

For the 2013 quarters petitioner did not timely file Forms 941, timely pay its employment taxes, and timely make the required deposits towards its employment taxes.  Petitioner did, however, make partial payments and deposits throughout 2013 towards its employment tax liabilities for the 2013 quarters.  On February 10, 2016, pursuant to substitute-for-return procedures, respondent made assessments of employment taxes, section 6651(a) additions to tax, and section 6656 penalties for the 2013 quarters as a result of petitioner's untimely filings, payments, and deposits.  On May 12, 2016, petitioner filed Forms 941 for the 2013 quarters, showing amounts greater than those initially assessed by respondent.  Respondent subsequently made additional assessments of petitioner's employment taxes, additions to tax, and penalties to the extent that the amounts reported on the untimely Forms 941 exceeded respondent's initial assessment.

With respect to the 2016 and 2017 quarters, petitioner filed timely Forms 941 but failed to make timely payments of and deposits towards its employment taxes.  Respondent assessed employment taxes, section 6651(a)(2) additions to tax for failure to timely pay, and section 6656 penalties for failure to timely deposit.

**[*4]**   On May 7, 2018, respondent mailed to petitioner CP297, Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice), concerning petitioner's employment taxes, additions to tax, and penalties for the quarters at issue.  In response to the levy notice, petitioner timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing, requesting either an installment agreement or an offer-in-compromise as a collection alternative.  Petitioner also stated as a reason for requesting a hearing that "JUNE 2013 ALL TAXES WERE PAID 9/6/2013 10/29/2013 10/31/2013."

On September 10, 2018, a settlement officer (SO) with respondent's Office of Appeals (Appeals Office) notified petitioner via letter that a collection due process (CDP) hearing was scheduled for October 9, 2018.  The letter informed petitioner that if it wanted to pursue an alternative collection method it needed to: (1) provide a completed Form 433-B, Collection Information Statement for Businesses; (2) provide signed Forms 941 for all quarters of 2015 and two quarters of 2018; and (3) become current with its Federal tax deposits and returns.  The letter also requested that petitioner provide the following information: (1) verification of any income, expenses, assets, and encumbrances listed on the Form 433-B; (2) a proposed payment plan; (3) verification that all taxes were paid

[*5] for the quarters at issue;[3] and (4) proof of timely deposit for all Federal employment taxes for the current quarter.

Petitioner's president, Gregg S. Palmer, left the SO a voicemail on October 8, 2018, asking to reschedule the October 9th CDP hearing. The SO returned Palmer's phone call the following day, and they rescheduled the hearing for October 25, 2018. During the phone call the SO asked Palmer if he had any questions concerning the information requested in the September 10, 2018, letter. Palmer stated that he did not have the letter with him but would review it and contact the SO before the October 25th CDP hearing if he had any questions.

On October 25, 2018, the SO held a telephone CDP hearing with Palmer, who had failed to provide any of the information requested in the September 10, 2018, letter. With respect to the 2013 quarters, the SO explained that "respondent had made employment tax assessments before petitioner filed the delinquent Forms 941 and that the delinquent Forms 941 reflected employment tax liabilities greater than what" respondent had initially assessed. Palmer reiterated his belief that petitioner had paid all balances due but did not provide any evidence to substantiate that claim. The SO stated that she would send Palmer transcripts of

---

[3]Because petitioner asserted that it had paid its taxes for the 2013 quarters, the SO requested that petitioner provide verification through checks, bank statements, etc. to show that the taxes were, in fact, paid.

[*6] petitioner's Form 941 liabilities for the 2013 quarters to review against petitioner's records.

The parties also generally discussed various collection alternatives. During their conversation Palmer neither expressly requested a specific alternative nor provided any financial information. The SO informed Palmer that petitioner was not current with its Federal tax deposits or filing obligations. The SO then stated that she would send Palmer a letter instructing him in further steps and outlining "which of petitioner's returns remained outstanding."

Following the CDP hearing, the SO sent petitioner transcripts detailing petitioner's Form 941 liabilities for all four quarters for each of 2013 through 2017 and a letter instructing petitioner to: (1) compare the IRS' transcripts with petitioner's records for discrepancies; (2) file Forms 941 for all four quarters of 2015 and three quarters of 2018; (3) file Form 940, Employer's Annual Federal Unemployment Tax Return, for the 2014 taxable year; (4) become current with its Federal tax deposits for the current quarter and provide verification to that effect; and (5) complete Form 433-B and attach the related financial information by November 9, 2018.

On November 9, 2018, petitioner submitted the following information to the SO: (1) a completed Form 433-B; (2) a profit and loss statement; (3) six months

[*7] of bank statements; (4) Forms 941 for the quarters of 2014 without original signatures; (5) Form 940 for taxable year 2014 without an original signature; and (6) Forms 941 for all four quarters of 2015 and three quarters of 2018 without original signatures.

Petitioner also submitted three documents pertaining to its claim that it had paid all taxes due for the 2013 quarters. Two of the documents detailed each payment and deposit that petitioner had made throughout 2013 towards its employment tax liabilities for the 2013 quarters, with handwritten checkmarks next to each amount. The third document contained two lists. The first list totaled petitioner's employment tax liabilities for the 2013 quarters that it had reported on its untimely Forms 941. The second list totaled the deposits and payments that petitioner had made throughout 2013 toward those liabilities, showing the totals matching.

After the SO reviewed the above documents and concluded that the proposed levy should be sustained, the Appeals Office issued to petitioner a notice of determination sustaining the proposed levy on April 18, 2019. Petitioner timely filed a petition for review of respondent's determination. On January 2, 2020, respondent moved for summary adjudication, to which petitioner responded in opposition.

[*8]                                    Discussion

I.      Summary Judgment Standard of Review

"Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials." Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  The Court may grant summary judgment where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Rule 121(b); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The moving party bears the burden of proving that there is no genuine issue of material fact.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).  The opposing party cannot rest upon mere allegations or denials in his pleadings but, rather, must "set forth specific facts showing that there is a genuine dispute for trial."  Rule 121(d).  The factual materials and inferences drawn from them will be viewed in the light most favorable to the nonmoving party.  Bond v. Commissioner, 100 T.C. 32, 36 (1993).

Respondent moves for summary adjudication, arguing that he did not abuse his discretion in sustaining the proposed levy.  Since we consider respondent's motion for summary judgment, we draw all factual inferences in favor of petitioner.  See id.

**[\*9]** II.      Jurisdiction and Standard of Review

Section 6330 requires the Commissioner to notify a taxpayer if he intends to levy on the taxpayer's property. The notice must inform the taxpayer of his or her right to a CDP hearing regarding the proposed collection action. Sec. 6330(a). In a CDP hearing, taxpayers may raise any relevant issue, such as a request for consideration of a collection alternative. Sec. 6330(c)(2)(A). A determination to sustain a proposed levy may be reviewed by this Court. Sec. 6330(d)(1); see Rules 330-334. In general, upon review of a determination sustaining a proposed levy, the Court will limit its review to those issues properly raised during the administrative hearing. Giamelli v. Commissioner, 129 T.C. 107, 114-115 (2007).

A taxpayer may petition the Court under section 6330(d) to review the Commissioner's determination. Where the validity of the underlying tax liability is properly at issue, we review the tax liability de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000). Where the underlying tax liability is not at issue, this Court reviews the Commissioner's determination for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 182 (2000). An abuse of discretion occurs when the Commissioner's determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Freije v. Commissioner, 125 T.C. 14, 23 (2005).

[*10] Petitioner contends that it made sufficient--but untimely--payments and deposits toward its employment tax liabilities for the 2013 quarters that it reported on the untimely Forms 941. Petitioner, however, failed to assert any assignment of error with respect to the 2016 and 2017 quarters; thus, respondent's determinations of section 6651(a)(2) additions to tax and section 6656 penalties for those quarters are deemed conceded. See Rule 331(b)(4); Perkins v. Commissioner, 129 T.C. 58, 67 (2007) (deeming as conceded the portion of the taxpayer's underlying liability that he failed to address but had reported as due on his return and had yet to pay).

With respect to the 2013 quarters, petitioner failed to expressly challenge its liability for the section 6651(a) additions to tax and the section 6656 penalties. But because petitioner believes that it fully paid its employment tax liabilities for those quarters, its failure to mention the section 6651(a) additions to tax and the section 6656 penalties can be construed as an implied challenge to its underlying liability. See Patrick's Payroll Servs., Inc. v. Commissioner, T.C. Memo. 2020-47, at *10-*11 (citing Katz v. Commissioner, 115 T.C. 329, 339 (2000)) (reiterating that the term "underlying tax liability" comprises "the tax deficiency, any penalties and additions to tax, and statutory interest"). Consequently, we review the underlying liability as it relates to 2013.

[*11] A.    <u>Underlying Liability</u>

In reviewing the Commissioner's determination, including challenges to the underlying liability, we consider only issues that the taxpayer properly raised during the CDP hearing. <u>LG Kendrick, LLC v. Commissioner</u>, T.C. Memo. 2016-22, at *13, <u>aff'd</u>, 684 F. App'x 744 (10th Cir. 2017); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; <u>see also</u> <u>Giamelli v. Commissioner</u>, 129 T.C. at 114-115. The taxpayer does not properly raise an issue during the hearing if it fails to present "any evidence with respect to that issue after being given a reasonable opportunity" to do so. <u>LG Kendrick v. Commissioner</u>, at *13 (quoting section 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.).

During the CDP hearing petitioner's representative reiterated his belief that petitioner had paid all balances due for the 2013 quarters. Although the information that the SO requested was not provided before the hearing, petitioner did submit some of the requested information thereafter, within the SO's November 9 deadline. Included in this information were the three documents pertaining to petitioner's claim that it had paid all taxes due for the 2013 quarters and, thus, that it is not liable for the related additions to tax and penalties that respondent now seeks to collect.

**[\*12]**    1.    Employment Taxes

In contending that it made sufficient payments and deposits towards its employment tax liabilities for the 2013 quarters, we understand that petitioner does not contest respondent's assessment of employment taxes based on the untimely Forms 941. We thus limit our analysis on liability to whether petitioner is liable for the related section 6651(a) additions to tax and section 6656 penalties.

      2.    Section 6651(a) Additions to Tax and Section 6656 Penalties

Section 6651(a) imposes additions to tax for failure to file a timely tax return and for failure to timely pay the amount of tax shown on the return, unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect.[4] Sec. 6651(a)(1) and (2); Lloyd v. Commissioner, T.C. Memo. 2020-92, at \*18-\*19. Section 6656 similarly imposes a penalty for failure to make a timely deposit, unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. Sec. 6656(a); Charlotte's Office Boutique, Inc. v. Commissioner, 121 T.C. 89, 109 (2003), supplemented by T.C. Memo. 2004-43, aff'd, 425 F.3d 1203 (9th Cir. 2005).

---

[4]In general, the Commissioner bears the burden of production with respect to the liability of an individual taxpayer for additions to tax and penalties under sec. 7491(c). Because sec. 7491(c) specifically applies only to an "individual", and petitioner here is a corporation, it is not applicable. See Laidlaw's Harley Davidson Sales, Inc. v. Commissioner, 154 T.C. 68, 79 n.12 (2020).

**[\*13]** Respondent determined section 6651(a) additions to tax and section 6656 penalties with respect to the 2013 quarters because of petitioner's failure to timely file Forms 941, timely pay its employment taxes, and timely make the required deposits for those quarters. The record establishes (and petitioner concedes) that petitioner did, in fact, fail to timely file the returns, timely pay its employment taxes, and timely make the required deposits. Petitioner has failed to adduce any evidence or otherwise argue that the untimeliness was due to reasonable cause; to the contrary, petitioner admits that its filings, payments, and deposits were "late."

Accordingly, we sustain respondent's determinations of the section 6651(a) additions to tax and section 6656 penalties, and we turn to reviewing the SO's decision for abuse of discretion.

B.    Abuse of Discretion

In deciding whether there was an abuse of discretion in sustaining a proposed levy, we consider whether the SO: (1) properly verified that the requirements of applicable law and administrative procedure have been met; (2) considered issues raised by the taxpayer; and (3) considered whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. See sec. 6330(c)(1), (2), and (3).

**[*14]**     1.     <u>Verification</u>

Petitioner neither alleges in its petition nor argues that the SO failed to satisfy the verification requirements of section 6330(c)(1).[5]  Any issue under the verification requirement, therefore, is deemed conceded.  Rule 331(b)(4); <u>Biggs-Owens v. Commissioner</u>, T.C. Memo. 2020-113, at *10 n.6; <u>Nguyen v. Commissioner</u>, T.C. Memo. 2020-97, at *16 n.10; <u>Morgan v. Commissioner</u>, T.C. Memo. 2018-98, at *11 n.6; <u>see</u> <u>Funk v. Commissioner</u>, 123 T.C. 213, 216-217 (2004).

     2.     <u>Issues Raised</u>

During the CDP hearing petitioner contended that it had paid all balances due for the 2013 quarters.  Following the hearing, petitioner submitted to the SO three documents that it believed supported its contention, two of which appear to be copies of the IRS' transcripts detailing the partial payments and deposits it made throughout 2013 towards its employment tax liabilities for the 2013 quarters. On these two documents petitioner made handwritten checkmarks next to each

---

[5]One issue that may arise under the verification requirement, for example, is whether the SO has verified that respondent has met the requirements of sec. 6751(b)(2)(A) relating to penalties.  <u>See, e.g.</u>, <u>Blackburn v. Commissioner</u>, 150 T.C. 218, 219-220 (2018).

[*15] amount, presumably as confirmation that it had made each payment and deposit.[6] The third document includes two lists: (1) a list totaling the employment tax liabilities for the 2013 quarters that petitioner reported on the untimely Forms 941, and (2) a list totaling the partial deposits and payments made throughout 2013 toward those liabilities, showing the totals matching.

Respondent argues that, while these documents reflect that the total amount of payments and deposits petitioner made equals the total amount of liabilities that it reported on the delinquent Forms 941, petitioner failed to show that it paid the section 6651(a) additions to tax, section 6656 penalties, and interest that resulted from its untimely filings, payments, and deposits. Thus, respondent contends that, by petitioner's own calculations, the payments and deposits that petitioner made were insufficient to pay the employment tax assessments <u>and</u> the assessed additions to tax, penalties, and interest for the 2013 quarters. We agree.

These documents indicate that petitioner's total payments and deposits that it made throughout 2013 match the total amounts reported on the delinquent Forms 941. These documents, however, lack any indication that it paid the section 6651(a) additions to tax, section 6656 penalties, and interest that resulted from its

---

[6]The checkmarks were presumably made by Palmer or another employee of petitioner, given that it is a corporation. Nevertheless, we attribute the handwritten checkmarks to petitioner.

[*16] untimely filings, payments, and deposits. A review of the record indicates further that respondent applied petitioner's partial payments and deposits against not only the assessed employment taxes but also the assessed section 6651(a) additions to tax, section 6656 penalties, and interest, resulting in petitioner's having an outstanding balance for each of the 2013 quarters. See Rev. Proc. 2002-26, sec. 3.02, 2002-1 C.B. 746, 746 (authorizing the IRS, in the absence of a specific written directive, to apply partial payments of a liability against additional taxes, penalties, and interest that have been assessed against a taxpayer).

Moreover, while petitioner noted on the first two documents that certain payments and deposits were to be applied for particular quarters, the record shows respondent applied those payments and deposits for different quarters. See id. (explaining that, where a taxpayer has tendered only partial payment, without providing "specific written directions as to the application of [the] payment," and has been assessed additional taxes, penalties, and interest, the IRS can apply the payment in the manner that "serve[s] its best interest"). Consequently, respondent's application of the payments and deposits resulted in petitioner's still owing employment taxes, section 6651(a) additions to tax, section 6656 penalties, and interest. Accordingly, we conclude that the SO did not abuse her discretion in

[*17] rejecting petitioner's claim that it had fully paid its employment tax liabilities for the 2013 quarters.

Although petitioner failed to allege or otherwise argue that the SO abused her discretion in rejecting petitioner's eligibility for an installment agreement, we note that petitioner did indicate on Form 12153 its intention to enter into an installment agreement or offer-in-compromise and that Palmer and the SO did discuss collection alternatives during the CDP hearing. That said, petitioner did not provide the SO with proof that it was current with its recent Federal tax deposits or that it was current with all filing obligations. While it did provide the SO with copies of the requested unfiled Forms 940 and 941 for certain quarters, the SO declined to process them because they did not have original signatures.

We have consistently held that it is not an abuse of discretion for the SO to reject collection alternatives and sustain a collection action where (as here) the taxpayer has failed, after being given sufficient opportunities, to supply the required forms and information. See Huntress v. Commissioner, T.C. Memo. 2009-161, slip op. at 12. We have likewise held that it is not an abuse of discretion for an SO to reject a collection alternative where the taxpayer is not in compliance with its ongoing tax obligations. See Cox v. Commissioner, 126 T.C. 237, 257 (2006), rev'd on other grounds, 514 F.3d 1119 (10th Cir. 2008); Hull v.

[*18] Commissioner, T.C. Memo. 2015-86, at *15.  The SO afforded petitioner ample time to provide the requested documents and comply with all filing, payment, and deposit requirements.  Petitioner failed to do so.  Accordingly, we conclude that the SO did not abuse her discretion in finding petitioner ineligible for a collection alternative.

### 3.    Balancing

Petitioner also failed to allege in its petition or otherwise argue that the SO did not consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."  Sec. 6330(c)(3)(C).  Consequently, this issue is deemed conceded.  See Rule 331(b)(4); Patrick's Payroll Servs., Inc. v. Commissioner, at *15.

## III.   Conclusion

For the reasons stated above, we conclude that there is no genuine dispute of material fact and that respondent is entitled to summary judgment as a matter of law.  Accordingly, we will grant respondent's motion for summary judgment.

[*19] To reflect the foregoing,

<u>An appropriate order will be issued</u>

<u>and decision will be entered</u>.